IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | 4:15CV3115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SCOTT FRAKES, K. J. | ) | |
| HUTCHINSON, STEVE | ) | |
| ELMSHAEUSER, DAVE | ) | |
| EUBANKS, KEN HART, and | ) | |
| TRAVIS P. O'GORMAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Michael Hernandez's Complaint (Filing No. 1) and his proposed Amended Complaint (Filing No. 8-1). *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons that follow, the court finds Hernandez's pleadings do not state any claims on which relief may be granted. However, the court will allow Hernandez to file an amended complaint.

### I. COMPLAINT AND PROPOSED AMENDED COMPLAINT

Hernandez is incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. He purports to raise claims under state law and also 42 U.S.C. §§ 1981, 1983, and 1985. (Filing No. 1 at CM/ECF pp. 4, 8.) He has sued his prison's director, Scott Frakes, and also various individuals involved in the criminal proceedings underlying his present confinement, including K. J. Hutchinson, Steve Elmshaeuser, Dave Eubanks, Ken Hart, Len Tabor, and Travis O'Gorman.

Hernandez raised three classes of claims in this action, which appear to be unrelated. First, he alleged Frakes failed to "correct prison over-crowding." (Filing No. 8-1 at CM/ECF p. 6.) This failure led to a prison riot and a subsequent "lock

down" period. Hernandez claims he suffered from smoke inhalation during the riot, and injuries to his knees and hips during the subsequent "lock down" period. (Filing No. 1 at CM/ECF p. 4; Filing No. 8-1 at CM/ECF p. 6.)

Second, Hernandez generally alleged Hutchinson, Elmshaeuser, Eubanks, Hart, Tabor, and O'Gorman conspired against him to ensure he was convicted of a crime. He believes they did so in retaliation for a civil suit he filed in federal court seeking to "enforce equal protection" for Sioux Indians in Box Butte County, Nebraska. (Filing No. 8-1 at CM/ECF pp. 7-8; *see also* Filing No. 1 at CM/ECF pp. 5-6.)

Third, he alleged his prison's librarian refuses to copy case law, statutes, or exhibits for him. In addition, prison officials only allow him to spend one hour per week in the law library. (Filing No. 8-1 at CM/ECF p. 9.)

For relief in this case, Hernandez asks for $13,000,000 in damages. (Filing No. 1 at CM/ECF p. 8.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A.     Claims Relating to Criminal Conviction**

Hernandez alleged Hutchinson, Elmshaeuser, Eubanks, Hart, Tabor, and O'Gorman conspired against him to ensure he was convicted of a crime,[1] and he is

---

[1] The court takes judicial notice of the public records of the Nebraska Department of Correctional Services, which show that Hernandez was convicted of distribution of methamphetamine in Box Butte County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records). He began serving his 20 to 30 year sentence on February 21, 2006. Nebraska Department of Correctional Services, http://dcs-inmatesearch.ne.gov/Corrections/

now serving an "illegal prison sentence" as a result of their actions. (Filing No. 1 at CM/ECF pp. 5-6; Filing No. 8-1 at CM/ECF pp. 7-8.) He also argues the prosecution did not present sufficient evidence to convict him of a Class II Felony. (Filing No. 8-1 at CM/ECF p. 8.) These claims relate entirely to the validity of Hernandez's conviction and incarceration and they may not be brought in a civil rights case.

In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Although *Heck*, on its face, addresses only actions brought under § 1983, courts have expanded the contours of *Heck* to reach 42 U.S.C. § 1985 and other civil rights statutes. *See*, *e.g.*, *Poston v. Shappert*, 222 Fed. Appx. 301 (4th Cir. 2007); *Cook v. City of Philadelphia*, 179 Fed. Appx. 855, 859 (3d Cir. 2006); *Browdy v. Karpe*, 131 Fed. Appx. 751, 753 (2d Cir. 2005); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n. 4 (9th Cir. 2004); *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003).

Here, the facts demonstrate the *Heck* bar is properly invoked. Hernandez argues the defendants conspired against him in order to ensure he was convicted of a crime. He alleged they bribed witnesses, encouraged false testimony, and committed other acts of misconduct. The court cannot find in Hernandez's favor based on such arguments without calling into question the legitimacy of his criminal conviction. *Heck* makes clear that Hernandez may not use a civil rights action to cast doubt on the legality of his conviction or confinement. *Heck*, 512 U.S. at 486-87. Rather, he must first find a favorable outcome in a habeas corpus or other similar proceeding. *Id.* For these reasons, the court will dismiss Hernandez's conviction-related claims without prejudice to reassertion in a habeas corpus or other similar proceeding.

InmateDisplayServlet?DcsId=63627 (last visited Feb. 24, 2016).

### B. Prison Overcrowding

Hernandez alleged Frakes failed to "correct prison overcrowding" at the Tecumseh State Prison. (Filing No. 1 at CM/ECF p. 4; Filing No. 8-1 at CM/ECF p. 6.) The court questions whether this claim—or his access to law library claim discussed below—is properly joined in this action. In any event, the claim is too vague and conclusory to state a plausible claim for relief. Specifically, Hernandez did not plead factual content that would allow this court to draw the reasonable inference that Frakes is liable for any misconduct.

### C. Access to Law Library

Hernandez alleged the law librarian will not copy case law, statutes, or exhibits for him, and that prison officials only allow him to spend one hour per week in the law library. (Filing No. 8-1 at CM/ECF p. 9.) At issue here is Hernandez's constitutional right of access to the courts.

In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977), the Supreme Court confirmed that inmates have a constitutional right of access to the courts that obligates prison officials to provide *some* means, such as a prison law library or a legal assistance program, "for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" The "right to meaningful access to the courts ensures that prison officials may not erect unreasonable barriers to prevent prisoners from pursuing or defending all types of legal matters." *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995).

While "prisoners have a constitutional right of access to the courts," *Bounds*, 430 U.S. at 821, the right is only violated if the prisoner has suffered an "actual injury" by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim. *Lewis*, 518 U.S. at 353 & 353 n. 3.

5

Here, Hernandez did not allege that any of the prison-official defendants erected any unreasonable barrier that prevented him from pursuing or defending a legal matter. In addition, Hernandez did not allege that he was impeded from pursuing a nonfrivolous legal claim. In short, he has not stated a claim on which relief may be granted.

### IV. MOTION TO APPOINT COUNSEL

Hernandez seeks the appointment of counsel. (Filing No. [14](#).) The court cannot routinely appoint counsel in civil cases. In [*Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)](#), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" [*Id.*](#) (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, the court will give Hernandez 30 days in which to file an amended complaint that states a claim on which relief may be granted against the defendants. Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Hernandez.

2. Hernandez is ordered not to file any document aside from the amended complaint without first obtaining leave of the court.

3. The clerk of the court is directed to set the following pro se case management deadline: March 25, 2016: check for amended complaint.

4. Hernandez's Motion to Appoint Counsel (Filing No. [14](#)) is denied.

5. Hernandez's Motion for Leave to Amend (Filing No. 8) is denied as moot. As set forth above, Hernandez must file an amended complaint in 30 days or this case will be dismissed.

DATED this 29th day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge