IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:15CV3115 |
| | ) | |
| V. | ) | |
| | ) | |
| STATE OF NEBRASKA | ) | **MEMORANDUM** |
| GOVERNOR PETE RICKETTS and | ) | **AND ORDER** |
| NEBR. DEPT. OF CORRS. DRTR. | ) | |
| SCOTT FRAKES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon review of Plaintiff's Amended Complaint. (Filing No. 18.) For the reasons explained below, Plaintiff's Amended Complaint will be dismissed.

## I. BACKGROUND

On September 28, 2015, Plaintiff, who is incarcerated in the Tecumseh State Prison, instituted this action, naming multiple defendants. (Filing No. 1.)

Plaintiff raised three unrelated classes of claims in his initial Complaint. First, Plaintiff alleged Defendant Scott Frakes failed to correct "prison over-crowding." (Filing No. 8-1 at CM/ECF p. 6.) Second, Plaintiff alleged that other state official defendants conspired against him to ensure he was convicted of a crime. Third, Plaintiff alleged that his prison's librarian refused to copy case law, statutes, or exhibits for him. In addition, he complained that prison officials only allow him to spend one hour per week in the law library. (Filing No. 8.)

On February 29, 2016, this court conducted an initial review of Plaintiff's Complaint (Filing No. 1) and his proposed amended complaint. (Filing No. 8-1; Filing No. 17.) The court concluded that Plaintiff had failed to state cognizable claims because (1) Plaintiff's claims regarding the alleged conspiracy to convict him of a crime was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); (2) Plaintiff's prison overcrowding claim was vague and conclusory; and (3) Plaintiff did not allege that the defendants erected an unreasonable barrier of access to the courts that prevented him from pursuing a non-frivolous legal matter.

The court granted Plaintiff leave to amend his Complaint. Plaintiff filed an Amended Complaint on March 14, 2016. (Filing No. 18.) Plaintiff submitted a supplement to his Amended Complaint on April 11, 2016. (Filing No. 20.)

## II. SUMMARY OF AMENDED COMPLAINT & SUPPLEMENT

The Amended Complaint names Nebraska Governor Pete Ricketts and "Nebr. Dept. of Corrs. Drtr. Scott Frakes" as Defendants. Liberally construed, the Amended Complaint sets forth two categories of claims: (1) Defendants failed to correct prison overcrowding which placed Plaintiff's safety at risk; and (2) Defendant Frakes failed to take action on Plaintiff's complaints about being abused and discriminated against by prison staff in violation of state law. (Filing No. 18.)

Plaintiff seeks an award of $13,000,000.00. Plaintiff also requests that "Federal Authorities be brought in to operate State Prisons." (Filing No. 18 at CM/ECF p. 8.)

## III. DISCUSSION

The court finds that the Amended Complaint fails to assert cognizable claims.

Plaintiff's Amended Complaint does not indicate whether Defendants are sued in their individual or official capacities. Because Plaintiff did not specify whether he

is suing Defendants in their official or individual capacities, this court presumes they are sued in their official capacities only. See *Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)* ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, the State of Nebraska. See *Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)* ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity") (internal citations omitted)).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995).* Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981).* Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff has sued Nebraska state officials seeking, at least in part, monetary relief. To the extent Plaintiff seeks to sue Defendants in their official capacities for monetary relief, the Eleventh Amendment bars his claims.

Plaintiff's request that "Federal Authorities be brought in to operate State Prisons" could arguably be construed as a request for prospective equitable relief. (Filing No. 18 at CM/ECF p. 8.) However, to the extent equitable relief is sought or

3

even possible here, it will not be awarded as Plaintiff has failed to allege the violation of a constitutional right.

Liberally construed, Plaintiff's claims are based on his conditions of confinement. Plaintiff asserts that "[d]ue to the lack of prison staff, medical personnel, and guards, the state cannot adequately operate its prisons safely." (Filing No. 18 at CM/ECF p. 5.) As a result of this overcrowding, Plaintiff seemingly claims that he has been subject to abuse and discrimination. Plaintiff also appears to assert that Defendant Frakes did not investigate his allegations of abuse and discrimination, and did not report the alleged abuse to police in violation of state law.[1]

The Eighth Amendment requires that prison officials "provide humane conditions of confinement," specifically, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: (1) that he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendants actually knew of, but disregarded, or were deliberately indifferent to, the plaintiff's health or safety. *Beaulieau v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). "Overcrowding in a prison is not itself a violation of the Constitution." *Stewart v. Taft*, 235 F. Supp.2d 763, 770 (N.D. Ohio 2002).

In this case, Plaintiff's conclusory allegations that he has been abused by being required to exercise during his medical yard pass,[2] discriminated against by being

---

[1] Any claim that Frakes violated state law in carrying out his official responsibilities is a claim against the state barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984).

[2] Plaintiff indicates that he is an elderly, disabled individual who is being abused by prison staff. Plaintiff's assertions in this regard are vague, conclusory,

4

forced to go to the end of a medication line,[3] and suffered unidentified injuries from a prison riot are insufficient to suggest the violation of a constitutional right or that Defendants were deliberately indifferent. Plaintiff's general allegation that prison overcrowding poses a substantial risk of harm does not support an Eighth Amendment claim.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Amended Complaint is dismissed without prejudice. Judgment will be entered by separate document.

2. Plaintiff's Motion for Appointment of Counsel (Filing No. 21) is denied as moot.

DATED this 5th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

and unsupported. Other than mentioning that his hip and knee were injured, Plaintiff has not identified a disability, nor has he alleged his age. In short, Plaintiff, has not set forth sufficient allegations from which it can reasonably be inferred that he is being abused at all, let alone due to his age or disability.

[3] Plaintiff's conclusory suggestion that he is being discriminated against based on his race is likewise insufficient to state a claim.